NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAZEEM OLAITAN OLADELE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71539

Agency No. A063-022-272

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020**
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,*** District Judge.

Kazeem Oladele petitions for review of a Board of Immigration Appeals'

("BIA") decision dismissing his appeal of the denial of his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert T. Dawson, United States District Judge for the
Western District of Arkansas, sitting by designation.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The immigration judge ("IJ") found Oladele not credible, and the BIA determined that this finding was not clearly erroneous. Substantial evidence supports the adverse credibility determination. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) ("We review factual findings, including adverse credibility determinations, for substantial evidence.").

*First*, the IJ found that Oladele materially altered his account of persecution. Upon arriving in the United States, Oladele stated that he feared persecution from a cult, but testified a few weeks later that he also fled because of his sexual orientation. Such "new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application'" support the adverse credibility determination in this case. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)).

*Second*, the IJ found that Oladele did not testify credibly based on his demeanor. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (noting that an adverse credibility determination includes consideration of the "demeanor, candor, [and] responsiveness of the applicant"); *id.* at 1041 ("IJs are in the best position to assess demeanor."). The IJ noted that Oladele was "non-responsive" at times and seemed to "contemplate[]" how one of his answers would fit "in the

2

context of his claimed sequence of events."

*Third*, Oladele testified that after visiting South Africa in 2013, he returned to Nigeria despite fearing persecution there. "[A]n alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution." *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008).

Because petitioner failed to meet his burden of proving that he suffered past persecution or that there is a clear probability of future persecution, we deny the petition as to petitioner's claims for asylum and withholding of removal. Because petitioner's CAT claim was premised "on the same statements . . . that the BIA determined to be not credible," *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003), the adverse credibility finding also supports denial of CAT relief. *Shrestha*, 590 F.3d at 1049.

**PETITION DENIED.**